IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **UNIFIED MESSAGING SOLUTIONS, LLC,**<br><br>                         Plaintiff,<br>v.<br><br>**CUPID, PLC,**<br><br>                         Defendant. | **Case No. 6:12-cv-290**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Unified Messaging Solutions, LLC ("Unified Messaging") files this Complaint against Cupid, PLC ("Defendant") for infringement of United States Patent Nos. 6,857,074 (hereinafter "the '074 patent"), 7,836,141 (hereinafter "the '141 patent"), 7,895,306 (hereinafter "the '306 patent"), 7,895,313 (hereinafter "the '313 patent") and 7,934,148 (hereinafter "the '148 patent").

## THE PARTIES

1.     Unified Messaging is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in Frisco, Texas.

2.     Defendant Cupid, PLC is a United Kingdom corporation with a principal place of business at 23 Manor Place, Edinburgy, Midlothian, EH3 7DX, United Kingdom. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement under Title 35 of the United States Code. Unified Messaging is seeking injunctive relief as well as damages.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States' patent statutes, 35 U.S.C. § 101 *et seq*.

5. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant has committed acts of infringement in this district and/or is deemed to reside in this district.

6. This Court has personal jurisdiction over Defendant and venue is proper in this district because Defendant has committed, and continues to commit, acts of infringement in the State of Illinois, including in this district and/or has engaged in continuous and systematic activities in the State Illinois, including in this district.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,857,074)

7. Unified Messaging incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9. Unified Messaging is the exclusive licensee of the '074 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '074 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '074 patent is attached as Exhibit A.

10. The '074 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

11. Defendant has directly infringed and continues to directly infringe one or more claims of the '074 patent in this judicial district and elsewhere in Illinois and the United States,

including at least claim 1, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including web-message services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

12. Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 7,836,141)

13. Unified Messaging incorporates paragraphs 1 through 12 herein by reference.

14. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

15. Unified Messaging is the exclusive licensee of the '141 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '141 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '141 patent is attached as Exhibit B.

16. The '141 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

17. Defendant has directly infringed and continues to directly infringe one or more claims of the '141 patent in this judicial district and elsewhere in Illinois and the United States,

including at least claim 1, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including web-message services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

18. Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 7,895,306)

19. Unified Messaging incorporates paragraphs 1 through 18 herein by reference.

20. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

21. Unified Messaging is the exclusive licensee of the '306 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '306 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '306 patent is attached as Exhibit C.

22. The '306 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

23. Defendant has directly infringed and continues to directly infringe one or more claims of the '306 patent in this judicial district and elsewhere in Illinois and the United States,

including at least claim 1, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including web-message services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

24. Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

## (INFRINGEMENT OF U.S. PATENT NO. 7,895,313)

25. Unified Messaging incorporates paragraphs 1 through 24 herein by reference.

26. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

27. Unified Messaging is the exclusive licensee of the '313 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '313 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '313 patent is attached as Exhibit D.

28. The '313 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

29. Defendant has directly infringed and continues to directly infringe one or more claims of the '313 patent in this judicial district and elsewhere in Illinois and the United States,

including at least claim 1, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including web-message services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

30. Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V

## (INFRINGEMENT OF U.S. PATENT NO. 7,934,148)

31. Unified Messaging incorporates paragraphs 1 through 30 herein by reference.

32. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

33. Unified Messaging is the exclusive licensee of the '148 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '148 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '148 patent is attached as Exhibit E.

34. The '148 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

35. Defendant has directly infringed and continues to directly infringe one or more claims of the '148 patent in this judicial district and elsewhere in Illinois and the United States,

including at least claim 1, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including web-message services, accessible via their respective website(s) and/or their respective messaging/mail/web server(s).

36. Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## ADDITIONAL ALLEGATIONS AGAINST DEFENDANT

37. Unified Messaging incorporates paragraphs 1 through 36 herein by reference.

38. Defendant has committed direct infringement as alleged in Counts I through V at least through operation of its "Mail" feature accessible at least through its websites, www.cupid.com, www.benaughty.com, www.flirt.com, www.girlsdateforfree.com.

39. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

40. On information and belief, Defendant's infringement of the '074, '141, '306, '313 and '148 patents, since at least the service of this action, has been and continues to be willful. Defendant has had notice of the '074, '141, '306, '313 and '148 patents since at least the service of this complaint and, on information and belief, Defendant has continued to infringe the '074, '141, '306, '313 and '148 patents despite an objectively high likelihood that its actions constitute infringement of the '074, '141, '306, '313 and '148 patents and a subject knowledge or obviousness of such risk.

41. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

## JURY DEMAND

Unified Messaging hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Unified Messaging requests that this Court find in its favor and against Defendant, and that this Court grant Unified Messaging the following relief:

a. Enter judgment for Unified Messaging on this Complaint;

b. Enter judgment that one or more claims of the '074, '141, '306, '313 and '148 patents have been infringed, either directly or indirectly by Defendant;

c. Enter judgment that Defendant accounts for and pays to Unified Messaging all damages to and costs incurred by Unified Messaging because of Defendant's infringing activities and other conduct complained of herein;

d. Award Unified Messaging damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

e. Enter a permanent injunction enjoining Defendant and their offices, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing or inducing infringement of each Asserted Patent, or, in the alternative, judgment that Defendant accounts for and pays to Unified Messaging a reasonable royalty and an ongoing post judgment royalty because of Defendant's past, present and future infringing activities and other conduct complained of herein;

      f.        That Unified Messaging be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

      g.        Judgment that Defendant's infringement was willful;

      h.        Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

      i.        Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

      j.        That Unified Messaging be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED:  April 26, 2012				Respectfully submitted,

**INNOVALAW, P.C.**

/s/ Timothy E. Grochocinski
Timothy E. Grochocinski
1900 Ravinia Place
Orland Park, Illinois 60462
P. (314) 853-8146
teg@innovalaw.com

and

Anthony G. Simon
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
Saint Louis, Missouri  63101
P. (314) 241-2929
F. (314) 241-2029
asimon@simonlawpc.com

*ATTORNEYS FOR PLAINTIFF*
*UNIFIED MESSAGING SOLUTIONS, LLC*